UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELINDA ROSE COOPERSMITH, | ) |
| | ) No. CV-10-279-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING IN PART |
| v. | ) PLAINTIFF'S MOTION FOR |
| | ) SUMMARY JUDGMENT AND |
| MICHAEL J. ASTRUE, Commissioner | ) REMANDING FOR FURTHER |
| of Social Security, | ) ADMINISTRATIVE PROCEEDINGS |
| | ) |
| Defendant. | ) (ECF No. 13) |
| | ) |
| | ) |

On August 23, 2010, plaintiff filed a complaint (ECF No. 1, 4). The parties have consented to proceed before a magistrate judge (ECF No. 6). Plaintiff moved for summary judgment on January 10, 2010 (ECF No. 13); Defendant, on February 22, 2011 (ECF No. 15). Defendant's memorandum in support of his motion for summary judgment includes a request for dismissal of the complaint (ECF No. 16 at 8). On March 7, 2011, plaintiff replied (ECF No. 17).

**ISSUES**

On December 17, 2009, the ALJ issued an unfavorable decision (Tr. 14-25). On July 22, 2010, the Appeals Council (AC) denied plaintiff's request for review (Tr. 1-3). Plaintiff asks the court to review the Appeals Council's denial of her request for review (ECF No. 14, 17 at 1-2). She asserts the AC erred by denying review before (1) giving plaintiff the chance to present

1  additional evidence, and (2) providing a hearing tape or

2  transcript to review in order to present briefing to the AC.

3  Plaintiff asks the court to vacate the Appeals Council's decision

4  denying review so that she can obtain a hearing tape or

5  transcript, submit briefing, and, if appropriate, additional

6  evidence to the Appeals Council; alternatively, she asserts if

7  there is no record of the prior hearing, she should be given a new

8  hearing at the ALJ level (ECF No. 14). The administrative record,

9  including the transcript of the hearing before the ALJ on October

10 13, 2009, was filed on October 29, 2010, about three month after

11 the AC denied review (ECF No. 10; *see* Tr. 32-60). The transcript

12 is now clearly available to plaintiff's counsel. Plaintiff alludes

13 to having asked the Appeals Council "for an extension of time

14 [sic] CD of the actual hearing," but this is unclear in the

15 record. Plaintiff does not specifically assign error to the ALJ's

16 decision.

17    The Commissioner asserts (1) the court "must dismiss this

18 case because it lacks subject matter jurisdiction to review the

19 action of the [AC] denying Plaintiff's request for review"; (2) on

20 March 10, 2010, the Appeals Council sent the duplicate recordings

21 requested by plaintiff's counsel (Tr. 9), and plaintiff failed to

22 follow up with the Appeals Council for four months, from the date

23 the hearing record was sent in March until the AC denied review on

24 July 22, 2010 (ECF No. 16 at 3,5-6).

25                              **DISCUSSION**

26    Under the Social Security Act, a claimant may seek judicial

27

28 ORDER GRANTING IN PART PLAINTIFF'S
   MOTION FOR SUMMARY JUDGMENT
   AND REMANDING FOR FURTHER
   ADMINISTRATIVE PROCEEDINGS

review of "any final decision... made after a hearing to which he was a party." 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383 (c)(3) (The final determination of the Commissioner of Social Security after a hearing... shall be subject to judicial review... to the same extent as the Commissioner's final determinations under section 405). There is no "final decision" in a Social Security case until the Appeals Council either grants or denies review. *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989)(per curiam). The Appeals Council may deny the request for review, making the ALJ's decision final, or review the case and make a decision. 20 C.F.R. §§ 404.967, 404.981. Plaintiff argues the AC should consider additional briefing and evidence before making a final determination.

The Appeals Council denied review on July 22, 2010 (ECF No. 1-3), stating in part

"If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action."
(ECF No. 2).

As noted, plaintiff is not challenging the ALJ's decision at this point.

Defendant asks the court to dismiss the complaint. A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. In the context of Social Security Appeals, federal court jurisdiction depends on whether the action by the Appeals Council constitutes a final decision

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS

1    under section 405(g). *Matlock v. Sullivan*, 908 F.2d 492, 493 (9th

2    Cir. 1990); 42 U.S.C. § 405(g). The term "final decision" is not

3    defined by the Act, and "its meaning is left to the [Commissioner]

4    to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749,

5    767 (9175); *see also Matlock*, 908 F.2d at 493.

6        The court has jurisdiction to consider a denial, but not a

7    dismissal, by the Appeals Council. *Matlock*, 908 F.2d at 493-494.

8        For the sake of argument, even if the court accepts the

9    Commissioner's argument plaintiff is attempting to appeal a

10   nonfinal decision (that of the AC denying review), the only

11   nonfinal decision the court can review is the denial of a petition

12   to reopen that is challenged on constitutional grounds, *see*

13   *Califano v. Sanders*, 430 U.S. 99, 109 (1977), an exception that

14   appears to apply in this case. Plaintiff was not afforded due

15   process when the AC arguably failed to timely provide an

16   intelligible hearing record, and then denied review before counsel

17   was given an opportunity to review the record and submit briefing

18   and additional evidence. Accordingly,

19       **IT IS ORDERED:**

20       1.   Plaintiff's motion for summary judgment (**ECF No. 13) is**

21   **granted in part, pursuant to sentence four. The case is remanded**

22   **to the Appeals Council for further proceedings.**

23       2**.**   Defendant's motion for summary judgment (ECF No. 15) and

24   motion to dismiss the complaint for lack of subject matter

25   jurisdiction (ECF No. 16 at 8) are **denied.**

26       3.   Judgment shall enter for plaintiff.

27

28   ORDER GRANTING IN PART PLAINTIFF'S
     MOTION FOR SUMMARY JUDGMENT
     AND REMANDING FOR FURTHER
     ADMINISTRATIVE PROCEEDINGS

1          4.    The District Court Executive is directed to **CLOSE** the

2  file.

3          **IT IS ORDERED**.

4          DATED this 23rd day of June, 2011.

5

6                                        s/ James P. Hutton
                                         JAMES P. HUTTON
7                               UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  ORDER GRANTING IN PART PLAINTIFF'S
    MOTION FOR SUMMARY JUDGMENT
    AND REMANDING FOR FURTHER
    ADMINISTRATIVE PROCEEDINGS
                                - 5 -